UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA DEMANN ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:12-cv-00990-NAB |
| ) | |
| v. ) | |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Pursuant to Federal Rules of Civil Procedure 37, 45 and Local Rule 37-3.04, Defendant Liberty Mutual Fire Insurance Company ("Liberty" or Defendant") moves for an order compelling third-party, Brown & James, P.C. ("Brown & James"), to produce documents requested under Liberty's subpoena served on Brown & James on June 29, 2012.

I. INTRODUCTION

This motion pertains to Brown & James's improper refusal to produce documents in response to Liberty's third-party subpoena served on Brown & James on June 29, 2012. Subpoena, attached hereto as Exhibit A; Affidavit of Service, attached hereto as Exhibit B. Rather than producing responsive documents, on July 13, 2013 Brown & James served and filed objections to each of the eleven requests set forth in Exhibit A to the subpoena. Objections to Subpoena, Doc. 26. Brown & James generally objected to the document requests on the following grounds:

- Vagueness and ambiguity;

- Attorney-client privilege, insured-insurer privilege and the work-product doctrine;
- Confidentiality, pursuant to Rule 4-1.6 of the Missouri Rules of Professional Conduct.

None of these objections are sufficient to relieve Brown & James of its obligation to comply with the subpoena by producing non-privileged, responsive documents and a privilege log as required under Federal Rule of Civil Procedure 45(d)(2). Accordingly, Liberty requests that this Court order Brown & James to comply with the subpoena by producing non-privileged, responsive documents and a privilege log within ten (10) days of the Court's Order granting Liberty's Motion to Compel.

## II.  STATEMENT OF FACTS

This is an equitable garnishment action arising out of an underlying personal injury action in which Plaintiff Demann sued her co-employee, Defendant Whelan, for injuries she sustained in a March 31, 2009 fire during the course of her employment at Dial Corporation, a subsidiary of Henkel Consumer Goods, Inc. Zurich American Insurance Company ("Zurich"), the primary carrier, undertook Defendant Whelan's defense and retained the Brown & James law firm to defend Whelan in the underlying lawsuit. Brown & James filed an answer on behalf of Whelan and continued to defend Whelan up to and including entry of judgment. Plaintiff Demann and Defendant Whelan entered into a Section 537.065 agreement and consented to a $12 million judgment against Defendant Whelan and in favor of Plaintiff Demann. *See* R.S.Mo. § 537.065 (the "Section 537.065" agreement"). Pursuant to the Section 537.065 agreement, Plaintiff Demann agreed that any judgment obtained against Whelan could only be satisfied through any available insurance proceeds. Thereafter, the Circuit Court of St. Louis City,

Missouri entered a $12 million judgment against Defendant Whelan on March 20, 2012 in the case titled, *Demann v. Whelan*, Case No. 1022-CC10497 (the "Underlying Action").

Liberty did not receive notice of the trial or hearing and was never informed that a judgment may be taken against Defendant Whelan that would implicate its umbrella excess policy. The Brown & James law firm, acting as Zurich's defense counsel, appeared for the trial of the matter, but did not present a defense for Whelan. After obtaining the judgment Defendant Demann formally demanded that Liberty pay $11,000,000 to satisfy the amount of the judgment above Zurich's primary policy limits.

On June 29, 2012, Liberty had a subpoena served on Brown & James, P.C. requesting certain documents enumerated in Exhibit A to be produced. [See *Subpoena*, Ex. A.] Brown & James served its objections to the subpoena on July 13, 2013 and did not produce any non-privileged, responsive documents or a privilege log. [See Objections to Subpoena, Doc. 26.] Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-3.04, the undersigned conferred with counsel for Brown & James by phone on Wednesday, August 1, 2012 in a good-faith effort to resolve the dispute over these objections, but no resolution was reached on the matters raised herein. *See* Counsel's Certification, attached to Motion to Compel as Exhibit A.

### III. ARGUMENT

This Motion seeks to require Brown & James to comply with Liberty's subpoena. Federal Rule of Civil Procedure 45 permits the party serving a subpoena, upon notice to the person commanded to produce, to move at any time for an order to compel the production. Fed. R. Civ. P. 45(c)(2)(B); *see also* Rule 37. The discovery standard in the federal court system permits parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order

3

discovery of any matter relevant to the subject matter involved in the action." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In Exhibit A to the subpoena, Liberty requested Brown & James to produce documents and communications reflecting and relating to the settlement, release, and consent judgment that Brown & James entered into on behalf of Defendant Whelan in the Underlying Action. Exhibit A to the subpoena sets forth eleven requests, which specifically seek relevant documents and communications between Brown & James, Zurich, and counsel for Plaintiff Demann. The discovery sought under the subpoena is highly relevant to Liberty's defense that no coverage exists under its umbrella excess policy in that Defendant Whelan failed to comply with the terms and conditions of the policy.

Liberty was not privy to the communications between Plaintiff Demann and Defendant Whelan leading up to entry of judgment in the Underlying Action. In order to defend against the coverage issues presented in this case, Liberty must be permitted to discover certain communications and documents exchanged by Defendant Whelan, Plaintiff Demann, and Zurich, which led to the consent judgment and exposed Liberty to liability for the $11 million judgment. Accordingly, the documents and communications requested in Exhibit A to Liberty's subpoena are relevant and reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Liberty has a substantial need for the requested materials to prepare its defense.

Brown & James has objected to producing <u>all</u> documents and communications relating to its representation of Defendant Whelan. Rather than producing non-privileged, responsive documents, Brown & James filed objections to the documents requested on the following grounds:

4

- Vagueness and ambiguity;

- Attorney-client privilege, insured-insurer privilege and the work-product doctrine;

- Confidentiality, pursuant to Rule 4-1.6 of the Missouri Rules of Professional Conduct.

Many of the documents requested by Liberty are not subject to a recognized privilege, and a claim of confidentiality under Rule 4-1.6 of the Missouri Rules of Professional Conduct may be overcome when the requested discovery is pursuant to "other law" (i.e. the Federal Rules of Civil Procedure) or compelled by court order. Accordingly, Liberty is entitled to discover non-privileged, responsive documents and a privilege log detailing the documents that Brown & James claims to be privileged.

A.  **Vagueness and Ambiguity**

Brown & James objects to ten of the eleven document requests in Exhibit A to the subpoena as vague and ambiguous. Objections to Subpoena, ¶¶ 1-7, 9-11, Doc. 26. Objections to document production requests must be "specific, non-boilerplate, and supported by particularized facts and that failure to do so waives the objections." *Webb v. Green Tree Servicing LLC*, Case No. ELH-11-2105, 2012 WL 3139551, *2 (D. Md. July 27, 2012) (slip opinion); Fed. R. Civ. P. 34(b)(2)(B). The party objecting to discovery requests as vague and ambiguous has the burden of showing such vagueness or ambiguity. *Deakins v. Pack*, No. 1:10-1396, 2012 WL 242859, at *12 (S.D.W.Va. Jan. 25, 2012); *Robinson Steel Co., Inc. v. Caterpillar, Inc.*, 2012 WL 3108876, *3 (N.D. Ind. 2012); *Burkybile v. Mitsubishi Motors Corp.*, 04 C 4932, 2006 WL 2325506, *6 (N.D. Ill. Aug.2, 2006) (explaining that the objecting party's "burden cannot be met by a reflexive invocation of the same baseless, often abused litany that

5

the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.").

Brown & James has failed to specifically state how Liberty's requests in paragraphs 1-7 and 9-11 of the subpoena are vague and ambiguous. Objections to Subpoena, Doc. 26. The documents requested are limited in temporal scope and subject matter in that they pertain to communications that occurred between Brown & James, Zurich, and Plaintiff Demann in connection with the Underlying Action. *See e.g.*, Objections to Subpoena, Request Nos. 1, 2, 4, 5, 7, Doc. 26. Specifically the requests seek communications regarding Plaintiff Demann's and Defendant Whelan's Section 537.065 agreement and other communications between the parties that gave rise to Liberty's alleged liability in this equitable garnishment action. *See e.g.*, Objections to Subpoena, Request Nos. 3, 7, 8, 9, 10, 11, Doc. 26. Brown & James has the burden of showing how Liberty's requests are vague and ambiguous and cannot simply rest on its invocation of general and baseless objections.

B.   Privilege

The Federal Rules permit Liberty to obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense" that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (emphasis added). The party objecting to discovery on the ground of privilege has the burden of establishing the right to invoke its protection. Fed. R. Civ. P. 26(b)(5); *Hollins v. Powell*, 773 F.2d 191, 197 (8th Cir.1985) (attorney-client privilege); *Travelers Property Cas. Co. of America v. Nat'l Union Ins. Co. of Pittsburg, PA*, 250 F.R.D. 421, 423-24 (W.D. Mo. 2008) (applying same standard to the work product doctrine). Due to the "absolute nature of the privilege and its adverse effect on the disclosure of truth, the privilege is strictly construed." *Dekalb Genetics Corp. v. Syngenta Seeds,*

*Inc.*, Case No. 4:06CV01191-ERW, 2007 WL 2030130, *1 (E.D. Mo. July 9, 2007) (unpublished disposition). Where the party asserting the privilege fails to provide a sufficient explanation of its claim of privilege, the Eastern District of Missouri has ordered the document must be produced. *Dekalb Genetics Corp.*, Case No. 4:06CV01191-ERW, 2007 WL 2030130 at *2.

To assert a valid claim of attorney-client privilege, the communication must be: (1) transmitted in confidence in a manner not likely to be disclosed to a third party from the client's perspective; and (2) not disclosed to a third party to whom disclosure is not reasonably necessary to make the communication effective or accomplish its purpose. *In re Ward*, BR No. 10-42456-13, 2011 WL 839518, *2 (W.D. Mo. 2011) (unreported disposition) (citing *State ex rel. Great American Insurance Co. v. Smith*, 574 S.W.2d 379 (Mo. 1978). The fact that documents are located in an attorney's legal file for a client "alone is not sufficient to apply the attorney-client privilege." *Dekalb Genetics Corp.*, Case No. 4:06CV01191-ERW, 2007 WL 2030130 at *3 (ordering documents contained in client's file to be produced when the documents did not contain clear legal advice, but merely referenced a patent application).

Brown & James generally objects to all eleven requests for production in Liberty's subpoena on the basis of the attorney-client privilege, the insured-insurer privilege, and the work-product doctrine. Brown & James carries the burden of establishing its right to invoke an applicable privilege. Fed. R. Civ. P. 26(b)(5); *Hollins v. Powell*, 773 F.2d 191, 197 (8th Cir.1985). Many of the documents requested in the subpoena are not privileged to the extent they were disclosed to Plaintiff Demann and her counsel or to other third parties in the Underlying Action. *See e.g.*, Objections to Subpoena, Request Nos. 2-10, Doc. 26; *Jackson v. State*, 540 S.W.2d 607, 610 (Mo. Ct. App. 1976) (explaining there is no expectation of private,

7

privileged communication made in the presence of a third party). Additionally, the fact that the requested documents are contained in Defendant Whelan's legal file maintained by Brown & James is not alone sufficient to apply the attorney-client privilege. *See Dekalb Genetics Corp.*, Case No. 4:06CV01191-ERW, 2007 WL 2030130 at *3. Accordingly, Brown & James cannot rest on its general objections and must produce non-privileged, responsive documents, along with a privilege log, providing a sufficient explanation of its claim of privilege to each request in the subpoena. Fed. R. Civ. P. 26(b)(5)(A).

### C. Confidentiality under Missouri Rule of Professional Conduct 4-1.6

Brown & James generally objects to Liberty's document requests, stating that it is "ready to produce documents responsive to the subpoena, but cannot comply without a waiver from its client in the Underlying Lawsuit as defined herein." Objections to Subpoena, General Objections and Responses, ¶ 3, Doc. 26. Brown & James specifically objects to all eleven requests in the subpoena on the ground that each request seeks "confidential information protected from disclosure by Rule 4-1.6 of the Missouri Rules of Professional Conduct. Objections to Subpoena, ¶¶ 1-11, Doc. 26.

Missouri Rule of Professional Conduct 4-1.6 is titled "Confidentiality of Information" and states:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by Rule 4-1.6(b).
>
> **(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:**
>
> (1) to prevent death or substantial bodily harm that is reasonably certain to occur;
>
> (2) to secure legal advice about the lawyer's compliance with these Rules;

> (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> **(4) to comply with other law or a court order.**

Mo. R. Prof. Con. § 4-1.6 (emphasis added).

Missouri Rule of Professional Conduct 4-1.6 does not excuse Brown & James's compliance with the Federal Rules of Civil Procedure. *See e.g., Burke v. Messerli & Kramer, P.A.*, Case No. 09-1630 (ADM/AJB), 2010 WL 2520615, *1, 9 (June 15, 2010) (unpublished disposition) (analyzing a similar Rule 1.6 in the Minnesota Rules of Professional Conduct and concluding Rule 1.6 did not absolve the objecting party from answering discovery responses for "those queries that do not raise issues of attorney-client privilege and work-product doctrine" and producing a privilege log). Rule 4-1.6(b)(4) permits a lawyer to "reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . **to comply with <u>other law</u> or a <u>court order</u>**." Mo. R. Prof. Con. 4-1.6(b)(4) (emphasis added). Additionally comment 11 to Rule 4-1.6 states that "[a] lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority **pursuant to <u>other law</u> to compel the disclosure**. M. R. Prof. Con. § 4-1.6, Cmt. 11 (emphasis added).

As stated above, not all of the documents and communications within Brown & James's legal file for Defendant Whelan are privileged. Many of the documents relate to counsel's communications with third parties, including Plaintiff Demann's counsel. To the extent such documents are non-privileged, the Federal Rules of Civil Procedure require Brown & James to comply with the document requests in Exhibit A to Liberty's

9

subpoena. Accordingly, Liberty requests an order compelling Brown & James to comply with Liberty's subpoena Request Numbers 1-11 by producing responsive, non-privileged documents and a privilege log, pursuant to Federal Rules of Civil Procedure 26(b)(5) and 45(d)(1), (2).

## IV. CONCLUSION

Liberty respectfully requests that the Court: (1) pursuant to Federal Rules of Civil Procedure 37 and 45 grant Liberty's Motion to Compel, ordering Brown & James to serve copies of all non-privileged, responsive documents and a privilege log within ten (10) days of the Court's order; and (2) for such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 10th, 2012

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Bruce A. Moothart

Bruce Moothart     EDMO Bar #45517MO
Ryan J. Watson     EDMO Bar #51233MO
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
bruce.moothart@huschblackwell.com
ryan.watson@huschblackwell.com

*Attorneys for Liberty Mutual Fire Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic and regular mail this 10th day of August, 2012, on:

Kolker & Germeroth, LLC
Scott L. Kolker
Thomas P. Germeroth
7730 Carondelet, Suite 310
Clayton, Missouri 63105
Telephone: (314) 727-4529
Facsimile: (314) 727-8529

*Attorneys for Plaintiff Demann*

Ryan Jeffrey Gavin
GREENSFELDER HEMKER & GALE PC
Suite 2000
10 S Broadway
St Louis, MO 63102-1774
314-241-9090
314-241-8624 (fax)
rjg@greensfelder.com

*Attorneys for Defendant Whelan*

John Gianoulakis
1 North Brentwood Blvd., Suite 800
St. Louis, Missouri 63105
314-241-3963
314-241-2509 (fax)

*Attorneys for Brown & James, P.C.*

                                                                /s/ Bruce A. Moothart
                                                              *Attorney for Defendant*
                                                               *Liberty Mutual*