UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA DEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00990 ERW |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, et al. ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Sandra Demann's Motion to Remand, filed June 11, 2012 [ECF No. 10], Defendant Liberty Mutual Fire Insurance Company's Motion to Dismiss, filed June 8, 2012 [ECF No. 8], Defendant Michael Whelan's Motion for Joinder in Plaintiff's Motion to Remand, filed June 20, 2012 [ECF No. 16], and Defendant Liberty's Motion to Compel, filed August 10, 2012 [ECF No. 29].

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On March 31, 2009, Plaintiff Sandra Demann ("Plaintiff"), an Illinois resident, was injured in Missouri by Defendant Michael Whelan ("Whelan"), also an Illinois resident, while he was acting within the scope of his employment.  On August 10, 2010, Plaintiff initiated suit against Whelan in the Circuit Court of the City of St. Louis.  *Demann v. Whelan*, Case No. 1022-CC10497 (2012).  On March 20, 2012, judgment was rendered against Whelan for $12 million.

Whelan's employer carried two liability insurance policies: a $1 million primary policy issued by Zurich American Insurance Company, and an excess policy with Liberty Mutual Fire Insurance Company ("Liberty").  The Zurich policy was exhausted after an initial $1 million

payment to Plaintiff, allegedly obligating Liberty to pay the remaining $11 million balance. Liberty is incorporated in Wisconsin, with its principal place of business in Massachusetts.

On April 13, 2012, Liberty filed a declaratory judgment action in the United States District Court for the Central District of Illinois, seeking a declaration that its policy did not cover the judgment against Whelan. *Liberty Mut. Fire Ins. Co. v. Demann*, Case No. 3:12CV03109 RM BGC [ECF No. 5].

On April 19, 2012, Plaintiff filed this action with the Circuit Court of St. Louis, seeking equitable garnishment against Liberty pursuant to Revised Statutes of Missouri § 379.200 [ECF No. 1-1]. On June 1, as required by the equitable garnishment statute, Plaintiff added Whelan as a party defendant. Liberty subsequently removed the Missouri action to this Court, citing diversity of citizenship and an amount in controversy in excess of $75,000 [ECF No. 5]. On June 10, Plaintiff filed a Motion to Remand the Missouri action to state court, citing lack of diversity of citizenship between herself and Whelan, and in the alternative lack of diversity between herself and Liberty, insofar as Liberty is a citizen of the state of its insured pursuant to 28 U.S.C. § 1332(c)(1) [ECF No. 10]. Liberty filed its response June 18, 2012, arguing that (a) Whelan is a nominal defendant whose residency is irrelevant for purposes of federal subject-matter jurisdiction, and (b) that § 1332(c)(1) is inapplicable because Whelan is a joined party [ECF No. 12]. Whelan filed a Motion in Joinder to Plaintiff's Motion to Remand June 20, 2012 [ECF No. 16]. Liberty filed a Motion in Opposition to Whelan's Motion in Joinder July 2, 2012 [ECF No. 21].

On June 8, 2012, Liberty filed a Motion to Dismiss, Stay or Transfer, arguing that the first-filed rule applied to Plaintiff's cause of action [ECF No. 8]. Plaintiff filed her response June 21, 2012 [ECF No. 17], and Liberty filed its reply July 2, 2012 [ECF No. 20].

2

On August 10, 2012, Liberty filed a Motion to Compel [ECF No. 29]. A Memorandum in Opposition was filed August 27, 2012 [ECF No. 33], and Liberty's reply was filed September 6, 2012 [ECF No. 34].

## II. DISCUSSION

The appropriate direct remedy for a Missouri tort victim seeking recovery from an insurer is equitable garnishment under Revised Statutes of Missouri § 379.200. *See Glover v. State Farm Fire and Cas. Co.*, 984 F.2d 259 (8th Cir. 1993) (affirming district court's dismissal of plaintiff's declaratory judgment action; holding that plaintiff must proceed in equity in state court). The statute requires that the plaintiff "proceed in equity against the defendant *and* the insurance company." Rev. Stat. Mo. § 379.200 (emphasis added). Notwithstanding the requirement that the plaintiff add the insured defendant to an equitable garnishment proceeding, Liberty first argues that Whelan is not a necessary party, and that his addition to the suit does not destroy the parties' diversity [ECF No. 12 at *2]. Liberty argues as well that 28 U.S.C. § 1332(c)(1), addressing citizenship of insurance companies based on the residency of its insured, is inapplicable to this case [ECF No. 12 at *7]. This Court agrees with the latter but disagrees with the former, and concludes that remand is necessary.

Liberty is correct that 28 U.S.C. § 1332(c)(1) does not apply under these circumstances. Section 1332(c)(1) provides that:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, *to which action the insured is not joined* as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen[.]

(emphasis added). As Whelan is a joined party-defendant in this suit, § 1332(c)(1) does not apply, and Liberty is not a constructive citizen of Illinois. Therefore Liberty does not destroy the

3

complete diversity of the parties.  The next question is whether Whelan's citizenship is relevant for federal subject-matter jurisdiction purposes.

Plaintiff and Whelan are both citizens of Illinois.  The Eighth Circuit has concluded that a defendant joined pursuant to § 379.200, where plaintiff and defendant are residents of the same state, destroys complete diversity.  *Glover*, 984 F.2d at 260-61 ("[Section 379.200] "requires joinder of [the insured] as an additional party defendant, and that joinder . . . would destroy diversity jurisdiction") ("[J]oinder of [the insured] in this case would destroy diversity jurisdiction"); *see also Prendergast v. Alliance Gen. Ins. Co.*, 921 F.Supp. 653, 654 (E.D. Mo. 1996) (holding that if plaintiffs had joined party defendants to suit against insurer, complete diversity would have been destroyed).  The implication is clear: As a properly-joined insured, the defendant destroys complete diversity in a § 379.200 equitable garnishment proceeding; the defendant cannot be a nominal party whose residency can be ignored.

Liberty argues that notwithstanding these previous declarations, the Eighth Circuit would have us analyze whether Whelan is a "nominal party" whose citizenship status is ignored, citing *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011) [ECF No. 12 at *3].  This Court sees nothing in *Slater* to upset the traditional law requiring complete diversity of citizenship.  *Slater* analyzed the party's relationships under existing Supreme Court and statutory law on assignments of rights; it did not prescribe a general "nominal party" analysis.  This Court is confident that the party relationships in *Slater* were distinct from this case, and that Whelan's citizenship is relevant for subject matter jurisdiction purposes.

This Court is confident that its ruling conforms with the prior statements of the Eighth Circuit on this issue.  Moreover, the decision to consider Whelan's citizenship for purposes of diversity jurisdiction analysis conforms with the purpose and intent of § 1332(c)(1), which was

passed to preserve the requirement of complete diversity of citizenship.  1964 U.S. Code Cong. & Adm. News, pp. 2778-79, 2784-85; Andrew M. Campbell, *Construction and Application of 28 U.S.C.A. § 1332(c)(1), Establishing Citizenship of Insurer in Diversity Action Against such Insurer where Insured is not Joined as Party Defendant*, 119 A.L.R. Fed. 135, § 2 (1994). Making an insurer a constructive citizen of the state of its insured prevents plaintiffs from obtaining federal jurisdiction by omitting the insured defendant from their complaint; to allow for diversity jurisdiction despite the party defendant being added would thus be incongruous with the purpose of § 1332(c)(1).  To hold that a properly-joined party defendant's citizenship is not relevant under these circumstances would render § 1332(c)(1) a nullity, as plaintiffs could freely add both insured and insurer, thereby avoiding § 1332(c)(1) and continuing to claim complete diversity.

This Court concludes that complete diversity is lacking, as Plaintiff and Defendant Whelan are citizens of the same state.  This Court lacks subject matter jurisdiction to hear this suit.

In closing, this Court has the authority, pursuant to 28 U.S.C. § 1447(c), to require Defendant to pay costs and expenses, including attorney's fees, incurred as a result of removal. However, Defendants made, at minimum, a colorable argument that complete diversity was not destroyed.  Therefore this Court will not grant Plaintiff's request for costs and expenses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 10] and Defendant Whelan's Motion for Joinder in Plaintiff's Motion to Remand [ECF No. 16] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [ECF No. 8] and Motion to Compel [ECF No. 29] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Circuit Court of the City of St. Louis.

Dated this 10th Day of September, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE